

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY W. MOSELEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 06 C 5181 |
| DEPARTMENT OF VETERANS AFFAIRS SECRETARY JIM NICHOLSON | ) Wayne R. Andersen ) District Judge |
| UNITED STATES OF AMERICA | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

Plaintiff Jerry Moseley has once again filed suit in federal court against the Secretary of the Department of Veterans Affairs. This minute order is issued *sua sponte* pursuant to this Court's inherent power to ensure that a ripe and justiciable controversy exists between the parties. For the following reasons, Plaintiff Moseley's complaint is dismissed with prejudice.

In his current complaint, Moseley has sued the Secretary of the Veterans Affairs. In his complaint, Moseley complains that this complaint is based on issues of race and handicap discrimination because he was harassed at work at the Hines VA Medical Center in Chicago on May 23, 1996.

In fact, Moseley has filed two previous lawsuits in federal court alleging this same cause of action–employment discrimination based on race and/or handicap while he was at work at the VA Medical Center in Chicago on May 23, 1996. Moseley filed an action in this Court in 1997 against the VA, No. 97-8974, *Moseley v. Department of Veterans Affairs Secretary*, and in the Central District of Illinois in 1999, No. 99-3288, *Moseley v. Department of Veterans Affairs*

*Acting Secretary*.

Because the prior cases were brought in federal court on federal claims, the federal rule of *res judicata* determines whether *res judicata* applies to the present action. *See Central States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002). The three requirements for *res judicata* under federal law are: 1) an identity of the parties; 2) an identity of the causes of actions; and 3) a final judgment on the merits.

In this case, application of the doctrine of *res judicata* operates to bar Moseley's claims in his current complaint. First, the parties are identical in all three actions. Second, the causes of action are identical. Moseley's complaint is based on race and handicap discrimination stemming from his work at the Hines VA Medical Center in Chicago on May 23, 1996. These were the identical claims raised in the previous complaint filed in this Court and in the complaint filed in the Central District of Illinois. Finally, there was a final judgment on the merits in both prior federal lawsuits. In the previous case in this Court, we granted defendant's motion to dismiss on May 12, 1998 and gave Moseley leave to file an amended complaint by June 19, 1998. Instead, Moseley appealed that decision to the Seventh Circuit Court of Appeals. While the case was on appeal and while this Court lacked jurisdiction over the case, Moseley filed an amended complaint. Subsequently the Seventh Circuit dismissed Moseley's complaint for lack of subject matter jurisdiction. On November 7, 2000, we ordered Moseley to file a second amended complaint complying with our May 12, 1998 order. We gave Moselely until January 8, 2001 to file a second amended complaint, noting that we would dismiss the case if such second amended complaint was not filed. No amended complaint was filed by Moseley, and on February 26, 2002, we dismissed the case, terminating the case.

Likewise, a final judgment on the merits was entered in the case filed in the Central

2

District of Illinois. In April, 2000, Judge Jeanne Scott entered an order dismissing the case with prejudice.

For these reasons, we find that Moseley's claims in his current complaint are barred by *res judicata*. Moreover, we note as an aside, that these claims for employment discrimination would clearly be barred by Moseley's failure to allege exhaustion of his administrative remedies and by the statute of limitations even if we had not found them barred by *res judicata*. The alleged discrimination occurred on May 23, 1996, and this Complaint was filed on September 26, 2006, more than ten years later.

For the foregoing reasons, we dismiss Plaintiff Jerry Moseley's complaint *sua sponte*. This case is hereby dismissed with prejudice. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: February 9, 2007